UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN PATRICK BLAKE,

    Plaintiff,

v.                                           Case No. 06-10569

BBDO DETROIT, INC.,                 HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR
IN THE ALTERNATIVE TO STAY LATER FILED ACTION
AND
SETTING A STATUS CONFERENCE**

**I. Introduction**

This is a business tort case.  Plaintiff Kevin Blake (Blake) is suing defendant BBDO Detroit, Inc. (BBDO) claiming tortious interference with a business expectancy and defamation.

Before the Court is BBDO's motion to dismiss, or in the alternative to the stay this case pending the outcome of a case pending in a California state court.  For the following reasons that follow, the motion is DENIED.  The parties shall appear for a status conference on **Friday, June 30, 2006 at 11:00 a.m.** to chart the future course of the case particularly to discovery.

**II. Background**

This is the second time Blake has filed a lawsuit in this Court.  As will be

1

explained, this lawsuit relates to case previously stayed by the Court concerning an employment dispute between Blake and his former employer, Graphic Press, Inc. (GPI), <u>Blake v. GPI</u>, 05-71932.

### A. Factual Background[1]

#### 1. Blake's Employment with GPI

GPI is a California corporation with its principal place of business is California. It is engaged in the printing industry. Blake was a Michigan resident whom GPI employed as a sales representative.[2]

In November 2000, Blake traveled to California to tour GPI's printing facility and to discuss a potential employment opportunity. Blake's visit resulted in GPI's offer of employment. Over the course of several weeks, Blake and GPI negotiated mutually agreeable employment terms.

On December 11, 2000, Blake signed an employment contract and sent it to GPI via facsimile. His job responsibilities included soliciting Detroit-area business for GPI, including Detroit automotive companies as well as BBDO. As a sales representative, Blake was required to travel to California and personally oversee order production and ensure customer satisfaction.

From 2002 through 2004, GPI says that it received complaints from several of Blake's customers. Consequently, GPI removed Blake from these accounts.

---

[1] Much of this background is taken from the Court's Memorandum and Order Granting Defendant's Motion to Dismiss and Staying the Case, filed July 27, 2005, in <u>Blake v. GPI</u>, 05-71932.

[2] According to BBDO's papers, Blake now resides in Georgia.

In November 2004, BBDO, DaimlerChrysler's advertising agency, lodged a complaint about Blake's performance and requested that GPI replace Blake as the sales representative for its account. GPI complied with BBDO's request.

On February 21, 2005, Blake tendered his resignation, citing his removal from the BBDO account as the principal reason.

### B. Procedural History

Less than one month after Blake's resignation, on March 11, 2005, GPI filed suit in the California Superior Court for the County of Los Angeles seeking a declaratory judgment as to the parties' rights under the employment contract. (Blake I).

On April 22, 2005, Blake removed the case to the Federal District Court for the Central District of California on the basis of diversity jurisdiction.

On April 29, 2005, the district court issued an order to show cause why the case should not be remanded to state court. The order was precipitated by the district court's preliminary conclusion that the amount in controversy requirement was less than $75,000.00 as required by 28 U.S.C. § 1332(a).[3]

On May 12, 2005, the district court remanded the case to the California state court because Blake failed to establish the amount in controversy required by 28 U.S.C. § 1332.

Four days later, on May 16, 2005, Blake filed suit in this district against GPI claiming (1) a breach of contract and (2) a violation of the Michigan Sales Representatives

---

[3]Specifically, the district court stated that "Defendant's statement in the Notice of Removal that 'Plaintiff's claim exceeds $75,000 because it seeks a declaration that it does not owe Defendant commissions or stock options' is wholly insufficient to establish that the amount in controversy requirement is met." Graphic Press, Inc. v. Blake, Case No. CV 05-2960 DT (PJWx) (Civil Minutes – General at 2) (Apr. 29, 2005).

3

Commission Act, M.C.L. § 600.2961. (Blake II).

Meanwhile on May 23, 2005, Blake filed a motion in Blake I to dismiss the case for lack of personal jurisdiction, or in the alternative to stay or dismiss for inconvenient forum.

On June 13, 2005, GPI filed a motion to dismiss or transfer venue or stay in Blake II.

On June 21, 2005, the California state court denied Blake's motion to quash on several grounds, including: (1) Blake had substantial contacts with California; (2) Blake had purposely availed himself of the jurisdiction; (3) California is not a forum non conveniens because all material witnesses except for Blake are in California, and because available technology would permit Blake to testify without appearing in court; and (4) while Michigan is an alternative forum, it is not a more appropriate or convenient one because Blake can effectively litigate his issues as counter-claims in the California case.

On July 27, 2005, the Court stayed Blake II under the abstention doctrine in Colorado River.

Blake and GPI then engaged in discovery in Blake I which including taking the deposition of three BBDO employees in December 2005.

On February 10, 2006, Blake sued BBDO in this district claiming (1) tortious interference with Blake's relationship with GPI, and (2) defamation. (Blake III). The case was assigned to this Court as a companion to Blake II.

On March 1, 2006, Blake filed a cross-complaint in Blake I, naming BBDO as a party and asserting claims against BBDO for equitable indemnity and contribution. As explained at the hearing, these claims relate to a claim by GPI against Blake for mishandling an order. (Blake IV).

4

On March 31, 2006, BBDO filed the instant motion, arguing that (1) the complaint should be dismissed or stayed under Colorado River, and (2) Blake has failed to state a claim for tortious interference or defamation.

### III.  Analysis

#### A.  BBDO's Arguments

GPI makes several arguments and request several alternative forms of relief.  First, GPI says that the abstention doctrine under Colorado River requires dismissal.  Second, BBDO says that Blake's claims fail as a matter of law under Fed. R. Civ. P. 12(b)(6).  Finally, BBDO says that at a minimum, the Court should stay this case pending the outcome of Blake I and Blake IV under Colorado River.

#### B.  Blake's Arguments

First, Blake says that abstention under Colorado River is not applicable to this case.  Blake notes that for Colorado River to apply, the state and federal cases must be actually parallel.  He argues that the cases are not actually parallel because Blake I involves different parties and claims.  In addition, Blake does an analysis of the eight factors, assuming Colorado River does apply, and concludes that the factors weigh in his favor.

Blake also says that he has stated a claim for tortious interference against BBDO.  He does not address the defamation claim, which he appears to have abandoned.

#### C.  Conclusion

This case started as a simple contract dispute that has now spawned three complaints and one cross-complaint, all of which arise out of Blake's employment with GPI.  The Court is faced with the same circumstance it faced in Blake II - whether to continue

5

proceedings in this jurisdiction in light of the California state court proceedings. However, unlike Blake II which clearly called for abstention, the Court finds that the case should go forward at this time.

As discussed at the hearing, Blake's rights in this case vis a vis BBDO are, at the very least, in part dependent upon the outcome of Blake I. There is a real question as to whether this case can be fully adjudicated without first knowing whether GPI acted properly in terminating Blake which is at issue in Blake I. Rather than stay the action, the better course is for the parties to participate in a status conference at which a discovery plan can be established. Should there come a time in the future where it becomes clear that the case must be stayed pending the outcome of Blake I, BBDO may move for appropriate relief.[4]

SO ORDERED.

Dated: June 12, 2006                  s/Avern Cohn
                                      AVERN COHN
                                      UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 12, 2006, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                      Case Manager, (313) 234-5160

---

[4]The Court declines to address BBDO's arguments under Fed. R. Civ. P. 12(b)(6) because Blake has stated a claim for tortious interference. BBDO relies on matters outside the pleadings in support of its motion, specifically deposition testimony. The Court is not inclined to turn the motion to dismiss into a motion for summary judgment. Whether the claim can survive summary judgment is a another matter.